**IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>vs.<br><br>NEW CHINA BUFFET #8, INC., YUN DA CHEN, and Individual and YONG KAI CHEN, an Individual,<br>    Defendant | Crim. No.  5:10-CV-78 (CAR) |

**DEFENDANT YONG KAI CHEN'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed her Complaint on February 25, 2010, asserting claims under the Fair Labor Standards Act (FLSA) for alleged minimum wage and overtime violations. Plaintiff alleges that Defendant Yong Kai Chen is an "employer" under the FLSA, (Complaint, ¶ II C) and is liable with Defendants Yun Da Chen and New China Buffet # 8, Inc.  Contrary to the allegations in Plaintiff's Complaint, however, Mr. Yong Kai Chen has never been an FLSA "employer" in connection with New China Buffet #8, Inc.

**STATEMENT OF FACTS**

In the early Spring of 2009, Mr. Yong Kai Chen began negotiating with Yun Dan Chen regarding the possible purchase of New China Buffet #8, Inc..  (Declaration, ¶ 3). As part of the due diligence Mr. Yong Kai Chen conducted in connection with that potential acquisition, he came to Macon, Georgia, to spend a few days observing the restaurant in action.  (Declaration, ¶ 4).  Mr. Yong Kai Chen did not want to purchase the restaurant without seeing it in operation.  (Declaration, ¶ 4).  Mr. Yong Kai Chen

ultimately decided not to purchase New China Buffet #8, Inc. (Declaration, ¶ 5).

Mr. Yong Kai Chen has never been employed by New China Buffet #8, Inc., and he has never had any ownership interest in New China Buffet #8, Inc., or any other restaurant operating in Bibb County, Georgia. (Declaration, ¶ 2). Mr. Yong Kai Chen has never had the power to hire, fire or discipline workers at New China Buffet # 8, Inc., and he has never had the responsibility for supervising or controlling their work schedules or conditions of employment. (Declaration, ¶ 6). Mr. Yong Kai Chen has never determined the rate or method of compensation for workers at New China Buffet #8, Inc., and he has never maintained any employment records for workers at New China Buffet #8, Inc. In fact, Mr. Yong Kai Chen has never had control over the day-to-day operations of New China Buffet #8, Inc. He simply made no decisions about the hiring, firing or compensation of workers at New China Buffet #8, Inc. (Declaration, ¶ 6).

## ARGUMENT AND CITATION OF AUTHORITY

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir.1996). Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The applicable substantive law identifies the material facts. Id. at 248. This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other

words, if reasonable minds could not differ as to the verdict. Id. at 249-52.

In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. Id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted).

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.1991). Ultimately, summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

Mr. Yong Kai Chen cannot be held individually liable for violating the overtime provision of the FLSA unless he is an "employer" within the meaning of the Act. 29

U.S.C. § 207(a)(1); Donovan v. Grim Hotel Co., 747 F.2d 966, 971 (5th Cir. 1984). Section 203 broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and whether an individual falls within this definition "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 237 (5th Cir. 1973) (quoting Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, 67 S. Ct. 1473, 1477, 91 L. Ed. 1772 (1947)).

Mr. Yong Kai Chen is entitled to summary judgment, because he has never been an "employer" in relation to any workers at New China Buffet # 8, Inc. In order for Mr. Yong Kai Chen to be held liable, he "must either be involved in the day-to-day operation [of the business] or have some direct responsibility for the supervision of the employee[s]." See Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986) (principal shareholder who served as President and Executive Director of health care institution was not an employer because he was not actively involved in operating business or setting employees' pay).

The Eleventh Circuit has held that a court should consider the "'economic reality" of the relationship between the [employee and the alleged employer]" in deciding whether liability may exist under the FLSA. See Villareal v. Woodman, 113 F.3d 202, 205 (11th Cir. 1997) (affirming district court's order granting defendant's motion to dismiss); See also Preston v. Settle Down Enters., Inc., 90 F. Supp. 2d 1267 (N.D. Ga. 2000). In applying the "economic reality" test, courts consider whether the individual: (1) had the power to hire and fire employees; (2) supervised and controlled the employee

work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. Id.

Here, the undisputed evidence establishes that Mr. Yong Kai Chen was not an employer at any time. Mr. Yong Kai Chen had no involvement in the hiring or firing of employees, he did not supervise or control employee work schedules or conditions of employment, he did not did not determine the rate or method of employee compensation, and he did not maintain employment records. (Declaration of Yong Kai Chen). As a result, Mr. Yong Kai Chen "lacked the operational control necessary for the imposition of liability as an 'employer' under the FLSA." Patel, 803 F.2d at 638. See also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162 (11th Cir. 2008)(individual defendant entitled to judgment as a matter of law, because there was insufficient evidence for the jury to reasonably conclude that defendant was either "involved in the day-to-day operation of the [business] or was directly responsible for the supervision of employees during the relevant years.").

## CONCLUSION

For the foregoing reasons, Mr. Yong Kai Chen is entitled to summary judgment.

Respectfully submitted, this August 23, 2010.

**/s Charles E. Cox, Jr.**
Ga. Bar No. 192305
**Attorney for DEFENDANT**
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:    (478) 757-2991
E-mail:         cecoxjr@cbi.mgacoxmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on August 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Frank L. Butler, III**
**Attorney for Defendants New China and Yun Da Chen**

**Karen Mock**
**Senior Trial Attorney**
**Office of the Solicitor**
**U.S. Department of Labor**
**61 Forsyth Street, S.W.**
**Room 7T10**
**Atlanta, GA 30303**

I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

**N/A**

      Respectfully submitted,

**/s Charles E. Cox, Jr.**
Ga. Bar No. 192305
**Attorney for DEFENDANT**
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:   (478) 757-2991
E-mail:      cecoxjr@cbi.mgacoxmail.com