UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HILDA L. SOLIS, | : |
| Secretary of Labor, | : |
| United States Department of Labor, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:10-CV-78 (CAR) |
| | : |
| NEW CHINA BUFFET #8, INC., and | : |
| YUN DA CHEN, an Individual, | : |
| | : |
| Defendants. | : |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

Defendants New China Buffet #8, Inc., and Yun Da Chen (Defendants)[1] respectfully move this Court to compel Plaintiff to provide complete Initial Disclosures and to respond completely to discovery requests.  Plaintiff failed to fully comply with the Initial Disclosure Requirements, and she responded with incomplete answers to Defendant Chen's First Interrogatories and First Requests for Production.

**PROCEDURAL HISTORY**

On February 25, 2010, Plaintiff filed a Complaint in the above-styled action, alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. (Compl. ¶¶ IV-VI).  Pursuant to Fed. R. Civ. P. 26(a)(1), the parties exchanged Initial Disclosures on October 13, 2010.[2]  Defendant Chen served Plaintiff with interrogatories and requests for

---

[1] As set forth in these Defendants' Amended Answer, New China Buffet #8, Inc., has not existed as a corporation since July 27, 2009.  However, until that Defendant is removed from the case, counsel for Defendant Yun Da Chen will submit on behalf of both Defendants any documents required to be filed and/or served.

[2] Copies of Plaintiff's Initial Disclosures are attached hereto as Exhibit A.

production of documents on November 3, 2010.[3]  Although Plaintiff responded to the discovery requests on December 6, 2010, her responses were incomplete and inadequate.[4]  Plaintiff asserted the "informer's privilege" as the basis for her failure to provide contact information and for multiple redactions.  During the telephone conference held on January 6, 2011, in response to the Court's January 4, 2011, Discovery Order and Memorandum, Defendants made a good faith request to Plaintiff for the information they are seeking.  Plaintiff has refused to waive the informer's privilege and accordingly will not provide the information.

## RESPONSES AND ARGUMENT

### A.  INADEQUATE RESPONSES

In Plaintiff's Initial Disclosures, Plaintiff included the following:

> 6.      *Persons listed in Appendix A to the Secretary's Complaint and other current and former employees not listed on Appendix A.*

Appendix A to the Complaint contains the names of 48 persons who were employed by Defendant New China Buffet #8, Inc.  However, Plaintiff has nowhere provided the addresses or telephone numbers for these 48 persons.  This is in derogation of the requirements of Fed. R. Civ. P. 26(a)(1)(A)(i), which states:

> **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiff has produced Forms WH-55 (Wage Transcription and Computation Sheets) for each of the 48 former employees.  Although the names of the employees are shown on the forms, their addresses and Social Security numbers have been redacted.  A sampling of the Forms WH-

---

[3]  Defendant Chen's written discovery requests are attached hereto as Exhibit B.

[4]  Plaintiff's responses are attached hereto as Exhibit C.

55 is attached as Exhibit D.  Plaintiff has also produced Form WH-56 (Summary of Unpaid Wages), dated August 13, 2009.  This document contains the names of the 48 employees, but their addresses have been redacted.  A copy of the  Form WH-56 is attached as Exhibit E.

In Defendants' First Interrogatories to Plaintiff, they requested the following:

> **INTERROGATORY NO. 3**:  **Identify the individuals listed in Appendix A to the Plaintiff's Complaint who were interviewed or who provided a statement during the investigations of this matter by the Wage and Hour Division of the United States Department of Labor.**

Plaintiff objected as follows:

> **ANSWER**:  **The Secretary objects on the grounds that the interrogatory seeks information protected by the government's informer's privilege.**

Likewise, Defendants sought this information in their request for production of documents:

> **REQUEST FOR PRODUCTION NO. 1**:  **All affidavits or written or recorded statements that Plaintiff or any persons with knowledge of any claims contained in this lawsuit have provided, supplied, obtained, or received from any person, agency, or entity, including but not limited to the United States Department of Labor ("DOL"), regarding any claims or defenses in this lawsuit.**
>
> **REQUEST FOR PRODUCTION NO. 3**:  **The entire investigation file from Investigator Ramon Delgado's investigations of New China Buffet #8, Inc. and/or Defendant Yun Da Chen.**

In response to these requests, Plaintiff provided redacted statements from the investigative file.  The redacted portions included the witnesses' contact information and the names of the individuals that provided the statements.  Plaintiff has asserted the government's informer's privilege as the basis for her failure to provide the above requested information.

### B. LEGAL ARGUMENT

The rules of discovery and the procedures for implementing them, contained in Rules 26 through 37 of the Federal Rules of Civil Procedure, are to be accorded a broad and liberal treatment.  Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 616 (5th Cir. 1977) (citing Hickman v.

3

Taylor, 329 U. S. 495, 507, 67 S. Ct. 385, 392 (1947)). The aim of these liberal discovery rules is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958). In that vein, Plaintiff has failed to comply with Fed. R. Civ. P. 26(a)(1)(A)(i). While Plaintiff identified 48 of Defendant former employees as possible witnesses, Plaintiff failed to provide the contact information for these witnesses. (Pl.'s Initial Disclosures, p. 3; see also Appendix A to Pl.'s Compl.) Plaintiff presumably has the contact information for the witnesses, as evidenced by the redacted portions of the Forms WH-55 and WH-56 that she produced. These individuals have not been employed by Defendants since April 15, 2009, or earlier, meaning that it has been at least 21 months since Defendants would have had any day-to-day contact with them.[5]

Plaintiff has submitted sixteen Forms WH-31 (Employee Personal Interview Statements), with names and other identifying information redacted. Of the 16 statements, there are six that contain information that is unfavorable toward Defendants. All six of these statements are in both English and Spanish, leading to the logical conclusion that they were from Hispanic employees.[6] Of the 48 names on the Form WH-56, twelve of them are Hispanic, while the remainder are Asian. While Defendant New China Buffet #8, Inc.'s accounting records contain Social Security records for all but one of the Asian names, there are no Social Security numbers for the Hispanic names. Furthermore, Defendant Chen has advised undersigned counsel that he does not know the current whereabouts of the Hispanic former employees. On the other hand, the Forms WH-55 (including the ones for the 12 Hispanic employees) all indicate that their

---

[5] It should be noted that the date shown on the WH-56 is August 13, 2009, which was four months after the sale of Defendants' restaurant business. Therefore, it can be assumed that Plaintiff's information as to addresses (which has been redacted) is more recent than what Defendants have.

[6] As a sample, a copy of one of the Forms WH-31 with both English and Spanish versions is attached as Exhibit F.

4

Social Security numbers have been redacted.  Therefore, Plaintiff has additional information, i.e. Social Security numbers, that could assist Defendants in locating the Hispanic witnesses through one or more of the search programs available on the Internet.

      1.  <u>The Secretary's Improper Invocation of the Informer's Privilege</u>

Plaintiff cites the government's informer's privilege as the reason for withholding the information.  (Pl.'s Resp. Defs.' Interrogs., No. 3).  However, the Secretary has not properly asserted the privilege.  <u>See</u> <u>United States v. Reynolds</u>, 345 U.S. 1, 73 S. Ct. 528 (1953).  The Supreme Court has held that when the government seeks to assert a privilege it must follow appropriate procedures:

> There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.  The court itself must determine whether the circumstances are appropriate for the claim of privilege.

<u>Id</u>. at 7-8, 73 S. Ct. at 532 (footnotes omitted).[7]  This formal prerequisite has been applied to the informer's privilege in FLSA cases.  The case of <u>Chao v. Westside Drywall, Inc.</u>, 254 F.R.D. 651 (D. Or. 2009), is instructive.  In <u>Westside Drywall</u>, the court rejected the notion that the assertion of the informer's privilege is "simply perfunctory and pro forma" and observed that the procedures to follow "are not merely technical requirements."  <u>Id</u>. at 657-58.  In rejecting the Secretary's attempt to invoke the privilege, the court noted, like here, that there was no written delegation to a high-ranking subordinate to assert the privilege, nor was there an affidavit that a careful review was conducted.  <u>Id</u>. at 657.  The court stated:

> [T]he Secretary's failure to invoke the required process here is particularly problematic because she already has disclosed to the Defendants the names of fifty-two persons she claims are owed back pay, forty-three of whom apparently provided statements as to which she asserts the informant's privilege.  Yet, neither

---

[7] The Court in <u>Reynolds</u> was dealing with the privilege for military secrets.  However, courts have generally held that the formal prerequisites are required "irrespective of the particular kind of executive claim advanced."  <u>United States v. O'Neill</u>, 619 F.2d 222, 226 (3d Cir. 1980) (quoting <u>Carter v. Carlson</u>, 56 F.R.D. 9, 10 (D.D.C. 1972)).

5

> she nor an appropriate delegatee followed any process to determine whether and to what extent the informant's privilege applied to the statements of those she has identified to Defendants.

Id. at 658. The case at hand is almost identical to Westside Drywall, and the same problems arise. The Secretary has failed to follow the correct procedure for invoking the informer's privilege; thus, the privilege should not apply to the information and documents sought by Defendants in this Motion to Compel. See Westside Drywall, 254 F.R.D. at 658.[8]

    2. The Informer's Privilege Should Not Apply

Even if the informer's privilege were accurately invoked, it is not absolute. The Court must balance a litigant's need for information against the public interest in preventing the disclosure of the informant's identity. See Roviaro v. United States, 353 U.S. 53, 62, 77 S. Ct. 623, 628-29 (1957). The privilege gives way when fundamental fairness requires it. Id. at 60-61, 77 S. Ct. at 628. Furthermore, once the identities of the possible informers are identified, "the privilege is no longer applicable." Id. at 60, 77 S. Ct. at 627. Plaintiff has already identified the individuals in her initial disclosures and in her Complaint. Defendants are seeking their contact information in order to complete discovery and have a fair chance of defending this case. This case relies heavily upon the testimony of Defendants' former employees, both for the Plaintiff and for the Defendants. Without the witnesses' contact information, Defendants are unable to avail themselves of the discovery process and interview or depose the necessary witnesses.

For the same reasons, Defendants are seeking the identities of the individuals who actually provided statements to Plaintiff's agent during the investigation. This information is

---

[8] The court in Westside Drywall did, in its discretion, permit the Secretary twenty-one (21) days to properly invoke the privilege. Id. at 662. However, there was no requirement that it do so. Defendants submit that, particularly in light of the fact that the Secretary was chastised by the United States District Court for the District of Oregon for the same conduct that it has repeated in the instant case two years later, this Honorable Court should decline to permit the Secretary to correct her mistake again.

vital to the defense. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense . . . , or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61, 77 S. Ct. at 628. The Secretary has brought suit against Defendants based on the information received during interviews with some of the identified witnesses. Thus, the Secretary's case is based in whole or in part on individualized accusations of FLSA violations. Without the knowledge of the identity of those accusers, Defendants are not able to cross examine them or adequately defend this case. In the interests of fairness, and according to the underlying purpose of our discovery system, Defendants should have access to that information. While admittedly Defendants could depose all 48 of the named witnesses once their contact information is provided by Plaintiff, such an undertaking would be extremely costly and inefficient.[9]

When weighed against the specious possibility of potential harm to the witnesses, Defendants' need is paramount. The purpose of the informer's privilege is to protect against retaliation. However, retaliation in this case is unlikely. The witnesses have not been employed by Defendants for over 21 months. Defendants cannot fire the witnesses, nor could they easily provide a negative reference. Defendant New China Buffet #8, Inc., no longer exists, and Defendant Chen does not presently own a restaurant. Any potential employers who may attempt to contact the facility currently operating as New China Buffet #8 for references would reach a different corporation with new ownership. Furthermore, while Plaintiff has not identified the specific witnesses who provided the statements, Plaintiff has narrowed the witness list by identifying 48 former employees in her Initial Disclosures. Therefore, the identities of the

---

[9] Not only would dates and times need to be set up for the depositions of all of the potential witnesses, but the majority of them do not speak English, requiring the services of a translator for all 48 depositions as well.

witnesses, at least generally, have already been disclosed, essentially dissolving the informer's privilege.  Roviaro, 353 U.S. at 60, 77 S. Ct. at 627.

Finally, since there are no time records, Plaintiff will have to produce the former employees at trial in order to prove her contentions that Defendants failed to pay minimum wage and/or overtime.  Therefore, even if the witnesses who testify are not among the 48 already listed, disclosure of the names is inevitable.  Fundamental fairness dictates disclosure during the discovery phase of the case.

## CONCLUSION

Defendants are entitled to the non-redacted versions of the witnesses' statements during the discovery period in order for them to be able to properly and efficiently defend this case.  At a minimum, Defendants are entitled to the contact information for the witnesses identified in Plaintiff's Initial Disclosures; and Plaintiff should supply that information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i).  For the aforementioned reasons, Defendants respectfully request that their Motion to Compel be granted, that Plaintiff be required to produce the information requested, and that Defendants be reimbursed their costs and attorney fees incurred in bringing this motion.

Respectfully submitted, this 4th day of February, 2011.

                                              CONSTANGY, BROOKS & SMITH, LLP

                                              /s/ Frank L. Butler, III
                                              FRANK L. BUTLER, III
                                              Georgia Bar No. 099550
                                              ALYSSA PETERS MORRIS
                                              Georgia Bar No. 455211

                                              Attorneys for Defendants

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA  31202-1975
(478) 750-8600

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL with the Clerk of Court using the CM/ECF system with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Karen E. Mock
    Senior Trial Attorney
    Office of the Solicitor
    U.S. Department of Labor
    61 Forsyth Street, S.W.
    Room 7T10
    Atlanta, GA 30303

This 4th day of February, 2011.

                                        CONSTANGY, BROOKS & SMITH, LLP

                                        /s/ Frank L. Butler, III
                                        FRANK L. BUTLER, III
                                        Georgia Bar No. 099550

                                        Attorney for Defendants

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA  31202-1975
(478) 750-8600
fbutler@constangy.com