# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NEW CHINA BUFFET #8, INC.; and<br>YUN DA CHEN, an Individual;<br><br>Defendants. | ))))))))))))) | CIVIL ACTION NO.<br><br>5:10-CV-78 (CAR) |

### PLAINTIFF'S INITIAL DISCLOSURES
### PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), makes the following initial disclosures:

**A.    Individuals likely to have discoverable information and subjects of that information**

1. Wage Hour Investigator Ramon Delgado
   Wage and Hour Division

Wage Hour Investigator ("WHI") Ramon Delgado has knowledge of the Wage and Hour Division's investigation and findings with respect to the New China Buffet #8, Inc. ("NCB"). Mr. Delgado may be contacted through the Secretary's undersigned counsel.

2. Yun Da Chen

3. Xiu Qing Chen
   115 Aspen Drive
   Macon, GA 31216

4.      "Juatin" (name and last known address unknown to the Secretary)

Mr. and Mrs. Chen and "Juatin" may have knowledge of the operations of NCB, including but not limited to the wages, hours, and working conditions of persons identified in Appendix A to the Complaint; NCB's hours of operation; setting work schedules; tracking and/or recording hours worked; setting pay rates; housing and transportation of workers; preparing payroll; paying workers; and hiring, firing, supervising, and disciplining workers. The Chens and "Juatin" may also have knowledge of the terms of any sale of the business to another party and facts relevant to whether any new company operating the restaurant is a successor corporation under the laws of the State of Georgia for purposes of successor liability. Mr. Chen may have knowledge of the dissolution of NCB.

5.      Yong Kai Chen
        777 48th Street
        Brooklyn, NY  11220

Mr. Chen may have knowledge of the operations of NCB and the sale of the business. Mr. Chen may be contacted through his counsel of record prior to his dismissal from this action:

Charles E. Cox, Jr.
Attorney at Law
3464 Vineville Avenue
PO Box 67
Macon, GA 31202-0067
478.757.2990 (Direct)
478.757.2991 (Facsimile)
cecoxjr@cbi.mgacoxmail.com

6.      Persons listed in Appendix A to the Secretary's Complaint and other current and former employees not listed on Appendix A

2

Current and former employees and the persons identified in Appendix A to the Secretary's Complaint may have knowledge of the wages, hours, and working conditions of persons who worked at NCB.

      7.    Zhenzhong Accounting
            136 Bowery, Suite 203
            New York, NY 10013

Representatives of Zhengzhong Accounting may have knowledge of NCB's payroll and compensation practices.

**B.    Documentary material by category and location**

The Secretary has documents contained in the official Wage and Hour Division File (Case Identification No. 1523813) which were gathered in the course of the investigation of NCB. The Investigation File generally consists of the following documents the Secretary may rely upon to support her case:

1. Wage Hour Forms 56 – Summary of Unpaid Wages
2. Wage Hour Forms 55 – Wage Transcription and Computation Sheets
3. Interview Statements
4. Initial Conference Notes
5. Surveillance Notes
6. Records received from Defendants, their attorneys, and accountants
7. Information from prior investigations
8. Corporate records from the States of Georgia and Alabama
9. FLSA Narrative Report
10. Case Diary Sheets

3

Defendants may contact undersigned counsel to arrange to review and copy these documents, which may be redacted to protect privileged information, in Atlanta, Georgia.

### C. Calculation of damages

Based upon the Wage and Hour Division's investigation of NCB to date, the Secretary asserts that the persons identified in Appendix A to the Complaint are owed back wages totaling approximately $468,419 and an equal amount in liquidated damages for the period February 25, 2007 through February 28, 2009. Based on information obtained during discovery, the Secretary intends to compute additional back wages and liquidated damages due current and former employees as a result of any violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. from February 28, 2009 to the present.

Dated this 13th day of October, 2010.

| | |
|---|---|
| U. S. Department of Labor<br>Office of the Solicitor<br>61 Forsyth Street, SW<br>Room 7T10<br>Atlanta GA  0303 | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>STANLEY E. KEEN<br>Regional Solicitor |
| Tel. 404.302.5435<br>Fac. 404.302.5438 | ROBERT L. WALTER<br>Counsel |
| Mock.karen@dol.gov<br>Casas.carla@dol.gov<br>Atl.fedcourt@dol.gov | *s/Karen E. Mock*<br>KAREN E. MOCK<br>Senior Trial Attorney<br><br>CARLA M. CASAS<br>Trial Attorney |
| SOL Case No. 10-12052 | Attorneys for Plaintiff |

4

## CERTIFICATE OF SERVICE

I certify that all parties have consented that all papers required to be served in this action may be served and filed electronically. I further certify that a copy of Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) was served via electronic mail on October 13, 2010 on the following counsel for Defendants:

>Frank L. Butler, III
>fbutler@constangy.com
>
>Alyssa Peters Morris
>amorris@constangy.com

>*s/ Karen E. Mock*
>KAREN E. MOCK
>Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Suite 7T10
Atlanta, GA 30303
(404) 302-5435
(404) 302-5438 (FAX)
ATL.FEDCOURT@dol.gov
mock.karen@dol.gov

SOL Case No. 10-12052