**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **HILDA L. SOLIS,** | : | |
| **Secretary of Labor, United States** | : | |
| **Department of Labor,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:10-CV-78 (CAR)** |
| | : | |
| **NEW CHINA BUFFET #8, INC. &** | : | |
| **YUN DA CHEN, an individual,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON PLAINTIFF=S MOTION FOR PARTIAL RECONSIDERATION**

This matter comes before the Court on Plaintiff=s Motion for Partial Reconsideration [Doc. 44].   Plaintiff requests that the Court reconsider a portion its previous Order on Defendant=s Motion to Compel, requiring Plaintiff to provide Defendants with the contact information of the forty-eight persons listed in Appendix A to the Complaint in accordance with Rule 26(a) of the Federal Rules of Civil Procedure.   Plaintiff states that she has produced all such contact information with the exception of the telephone numbers of Chinese workers who have not been deposed in this case.   Plaintiff requests that the Court reconsider its prior Order in relation to the production of those telephone numbers because disclosure of those numbers will tend to identify employees interviewed by the Department of Labor.

The Local Rules provide for motions for reconsideration, but they also note that such motions Ashall not be filed as a matter of routine practice.@ M.D. Ga. L.R. 7.6.   AMotions for

1

reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice. Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).

Plaintiff's request is best viewed as arguing that reconsideration is needed to correct clear error or prevent manifest injustice.  Prior to issuing its Order, the Court ordered Plaintiff to turn over an unredacted copy of Appendix A listing the names and addresses for the forty-eight former employees and a list of the individuals who were interviewed by or provided statements to the Department of Labor.  After considering those materials, the Court found that the contact information for the forty-eight employees listed in Appendix A was not protected under the informer's privilege because disclosure of that information would not tend to identify the employees that were interviewed by the Department of Labor.  The Court reasoned that if the Department of Labor only had contact information for the former employees it had interviewed, then turning over the list of employees in Appendix A with any known contact information provided would tend to identify employees who had spoken with the Department.  The Court concluded, however, that disclosure of the contact information would not identify the employees who had spoken with the Department because there was no particular correlation between the list of employees interviewed and the individuals listed in Appendix A for whom the Department of Labor had contact information.

Plaintiff now argues the Court's conclusion is inaccurate with regard to the phone numbers of certain Chinese employees.  Although Rule 26(a)(1)(A)(i) requires a party to turn over both the address and phone number, if known, of each individual likely to have discoverable

2

information, Plaintiff responded to the Court=s precise directive in its Order to Produce and produced only names and addresses.  Thus, the contact information the forty-eight employees turned over for the Court=s *in camera* inspection in relation to the Motion to Compel did not include phone numbers for any of those former employees, and as a result, the Court=s Order did not contemplate the impact of disclosing any former employees= telephone numbers.  Plaintiff now avers that the Department learned the telephone numbers of certain Chinese employees during confidential interviews.  In order to support that statement, Plaintiff has produced for *in camera* inspection the interview statements of certain Chinese workers showing the employees= phone numbers.  Plaintiff submits that the phone numbers of five Chinese employees have been disclosed in discovery because those employees have been deposed.  Plaintiff seeks, however, to protect the phone number of any remaining Chinese employees who have not been deposed because turning over those phone numbers would reveal the identity of employees otherwise protected by the informer=s privilege.

A.      Timeliness of the Motion

Defendants contend that Plaintiff=s motion is untimely under Local Rule 7.6, which states that a motion for reconsideration shall be filed within fourteen (14) days after the entry of the order or judgment.  The Court entered its Order on the Motion to Compel on July 1, 2011.  The fourteen day period for filing a motion for reconsideration ended July 15, 2011.  Plaintiff filed her Motion for Reconsideration on July 18, 2011.  Thus, it was untimely under the Local Rules.

Nonetheless, the Court will exercise its discretion and consider the Motion on its merits. Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court has the power to revise any order that Adoes not end the action as to any of the claims or parties@until it enters a judgment

3

Aadjudicating all the claims and all the parties= right and liabilities.@ No such judgment has been entered in this case; thus, the Court still retains the authority under Rule 54 to revise its prior Order.

If Plaintiff=s contention concerning the telephone numbers is accurate, then the Court would not have required the disclosure of the telephone numbers in its Order on the Motion to Compel.  Certainly some blame for the unintended effect of the Order lies with Plaintiff.  It would have been advisable for Plaintiff to make clear the information she wanted to protect and to turn over documents justifying the nondisclosure of any information she wanted to protect when the Court requested documents for *in camera* inspection in connection with its Order.  Still, the Court cannot completely fault Plaintiff for turning over only the information the Court specifically requested in its Order to Produce.   In the end, no party will be harmed if the Court considers the Motion on its merits.  If, however, the Court were to deny the Motion as untimely, then it would risk harming the employees whose information would be otherwise protected.   Under these circumstances, the Court considers it appropriate to consider the untimely Motion on the merits.

B.     Merits of the Motion

Plaintiff contends that turning over the telephone numbers of certain Chinese employees would necessarily disclose the identity of employees that spoke to the Department of Labor.   In order to test that contention, the Court directed Plaintiff to turn over additional documents to support her argument.   Having considered those documents, the Court has determined that, unlike the contact information considered in relation to the Court=s previous Order, there is a strong correlation between the list of workers for whom the Department of Labor has telephone numbers and the list of workers who were interviewed by or gave statements to the Department.

4

Disclosing those phone numbers would identify the employees who spoke to the Department of Labor.   Thus, the information is protected by the informer=s privilege.

The Court notes that, contrary to Defendants= assertion, the link between the list of phone numbers and employees interviewed was not apparent simply because Plaintiff filed a Motion in which she argued there was such a link.   The link is facially obvious and would have disclosed the identity of employees who spoke with the Department of Labor.

The Court further notes that Plaintiff has turned over addresses for all thirty-six Chinese employees listed in Appendix A.   Thus, Defendants have information that would allow them to contact or locate any additional Chinese employees they wish to depose.

Plaintiff=s Motion for Partial Reconsideration is **GRANTED**.   The portion of the Court=s prior Order [Doc. 42] requiring Plaintiff to turn over any contact information she possessed for any employees listed in Appendix A is amended to exempt the telephone numbers of Chinese employees that have not been deposed in this case.   Plaintiff is not required to produce telephone numbers for those employees.

SO ORDERED this 26th day of August, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

bcw

5