IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | : | |
| Secretary of Labor, | : | |
| United States Department of Labor, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:10-CV-78 (CAR) |
| | : | |
| NEW CHINA BUFFET #8, INC., and | : | |
| YUN DA CHEN, an Individual, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON DEFENDANTS' MOTION TO DROP A PARTY

This matter comes before the Court on Defendants' Motion to Drop a Party [Doc. 31]. In their motion, Defendants request that Defendant New China Buffet #8, Inc. be removed as a party pursuant to Rule 21 of the Federal Rules of Civil Procedure because the corporation is inactive and dissolved. See Fed. R. Civ. P. 21. Having considered the parties' briefs and the applicable law, the Court has determined that Defendants' Motion to Drop a Party is procedurally improper and therefore **DENIED**.

### I. FACTS AND PROCEDURAL HISTORY

On February 25, 2010, the Secretary of Labor filed a Complaint against New China Buffet #8, Inc., Yun Da Chen, and Yong Kai Chen, alleging that Defendants

1

violated various provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219.  Plaintiff seeks to enjoin Defendants from violating the FLSA and from withholding back wages owed to forty-eight employees over a three-year period. Plaintiff also seeks liquidated damages equal to those back wages.

Prior to the filing of the Complaint in this case, New China Buffet #8, Inc. was dissolved under Georgia law.  The corporation adopted Articles of Dissolution on April 15, 2009.  It filed its Certificate of Notice of Intent to Dissolve with the Georgia Secretary of State on July 27, 2009, and the Secretary of State certified a Certificate of Dissolution on that date.

Prior to its dissolution, Defendant Yun Da Chen was the sole owner of Defendant New China Buffet #8, Inc.  He was the Chief Executive Officer, Chief Financial Officer, Secretary, and Registered Agent for the Corporation.  When the corporation was dissolved, all remaining assets were distributed to Defendant Yun Da Chen.

The restaurant known as New China Buffet #8 is still in operation.  It is operated by D&D Restaurant, Inc.  Wen Hai Yang, a former employee of New China Buffet #8, Inc., owns D&D Restaurant, Inc.[1]

---

[1] It is unclear whether Yang has already bought the restaurant operation or is currently buying the restaurant operation from Defendant Chen. [See Doc. 36, Doc. 38].

## II. DISCUSSION

Defendants now request that the Court drop Defendant New China Buffet #8, Inc. as a party to this action pursuant to Rule 21 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 21. They argue that under Georgia law, Defendant Yun Da Chen, as sole shareholder of New China Buffet #8, Inc., would be liable for all monetary judgments against the corporation and that injunctive relief against a dissolved corporation would be valueless. Thus, they contend that dropping New China Buffet #8, Inc. as a party will simplify the case and serve the interests of administrative and judicial efficiency without prejudicing Plaintiff.

This Court cannot determine the issues raised in this motion pursuant to Rule 21. Rule 21, entitled "Misjoinder and Nonjoinder of Parties," enables the court "on just terms . . . [to] add or drop a party." Fed. R. Civ. P. 21. The decision "is left to the sound discretion of the trial court." Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1045 (11th Cir. 1986). Rule 21, however, "primarily addresses parties, not factfinding." Id.

In this case, the Secretary's response necessarily requires factfinding. The Secretary argues that she has interest in obtaining injunctive relief against a corporation to enjoin violations of the FLSA, even when the corporation has been dissolved. In support, she asserts that "*upon further discovery*, the Secretary *may* be able to establish

that D&D is a mere continuation of New China Buffet #8, Inc. or that the transaction was entered into fraudulently as a means of avoiding liability." [Doc. 36, emphasis added]. This statement unequivocally calls for a factual determination that cannot yet be supported by the record. Whether the Secretary is able to establish this conjecture after discovery has yet to be seen. Nevertheless, such an argument that requires this Court to decide a factual issue should be brought forth, if at all, in a dispositive motion after discovery.

Even if this Court could consider factual issues under Rule 21, Rule 21 is generally used to preserve a federal court's diversity jurisdiction by dropping a nondiverse dispensable party or cure defects in joinder. <u>Fritz v. Am. Home Shield Corp.</u>, 751 F.2d 1152, 1154 (11th Cir. 1985) (Rule 21 has been used "to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action."); <u>United States v. E.I. du Pont de Nemours & Co.</u>, 13 F.R.D. 490, 493 (N.D. Ill. 1953) ("Rule 21 controls in situations where Rule 18, 19, or 20 have been violated."). This case is predicated on an alleged violation of FLSA and therefore arises under federal law. Defendant's motion is not being used to perfect diversity jurisdiction. Additionally, Plaintiff's named New China Buffet #8, Inc. as an initial defendant in the Complaint and did not later join it as a defendant under Rule 18, 19, or 20. Therefore, the Motion to Drop a Party using Rule 21 is procedurally inappropriate.

For the reasons discussed above, Defendants' Motion to Drop a Party [Doc. 31] is

**DENIED**.


**SO ORDERED** this 14th day of September, 2011.


                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT


LMH/ssh