IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | CIVIL ACTION NO. |
| United States Department of Labor, | ) | |
| | ) | 5:10-CV-78 (CAR) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW CHINA BUFFET #8, INC.; and | ) | |
| YUN DA CHEN, an Individual; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S PRETRIAL BRIEF ADDRESSING SHIFTING BURDEN OF PROOF FOR BACK WAGES DUE WHEN EMPLOYER FAILS TO KEEP RECORDS OF HOURS WORKED**

Pursuant to the Court's order at the pre-trial conference on February 11, 2012, Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary") hereby submits the following brief addressing the shifting burden to prove damages in an action brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.

**1.     BACKGROUND**

The Secretary administers and enforces the Fair Labor Standards Act ("FLSA" or "Act"), see 29 U.S.C. §§ 204, 211(a), 216(c), and 217. The FLSA is a remedial statute that was passed to ensure that employees received a minimum hourly wage for all hours worked and additional compensation when they worked more than 40 hours in a workweek. The statute is to be liberally construed to effectuate its purposes. Morgan v. Family Dollar Stores Inc., 551 F.3d 1233, 1265 (11th Cir. 2008) ("We also bear in mind that the FLSA is a remedial statute that

should be liberally construed."); Prickett v. DeKalb County, 349 F.3d 1294, 1296 (11th Cir. 2003) ("FLSA is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction.")

Under the FLSA, employers are required to pay employees the statutory minimum wage for each hour worked in a work week and one and one-half times their regular rate of pay for hours worked in excess of 40 in a work week. See 29 U.S.C. §§ 206(a) and 207(a).[1]  "Tipped" employees (persons who customarily and regularly receive more than $30 per month in tips) are also entitled to the applicable minimum wage for all hours worked. See 29 U.S.C. § 203(t). When certain conditions are met, an employer may satisfy a portion of its minimum wage obligation through a "tip credit," which may be used to reduce the direct cash wage an employer must pay to its tipped employees. To be entitled to the tip credit, an employer must pay the employee $2.13 for each hour worked, the employee must retain all tips received, and the employer must inform the employee of the tip credit provisions of the Act. See 29 U.S.C. 203(m).

Employers must make and maintain accurate and complete records for a period of three years, including, but not limited to: each employee's hours worked each day and workweek, regular hourly rate, total daily or weekly straight-time earnings, total overtime earnings for the workweek, all additions to or deductions from the employee's wages, and total wages paid each pay period. See 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a). Employers must make and maintain additional records for "tipped" employees. See 29 C.F.R. § 516.28.

---

[1] The federal minimum wage for the period at issue in this case (February 25, 2007 through April 15, 2009) was as follows:  $5.15 per hour from February 25, 2007, through July 23, 2007; $5.85 per hour from July 24, 2007, through July 23, 2008; and $6.55 per hour from July 24, 2008, through April 15, 2009. See 29 U.S.C. § 206(a)(1).

In the instant case, the Secretary initiated legal action under Sections 16(c) and 17 of the Act, alleging that Defendants New China Buffet #8, Inc. and Yun Da Chen violated the minimum wage, overtime, and recordkeeping requirements of the Act.  (Docket ("Dkt") No. 1).[2] The Secretary alleges Defendants' violations of the Act were "willful" in nature, thereby extending the applicable statute of limitations period from two to three years.  Pursuant to Section 17, the Secretary seeks a permanent injunction against Defendants from violating the provisions of the FLSA in the future.  The Secretary seeks unpaid minimum wages and overtime compensation and an equal amount of liquidated damages for the employees identified in Appendix A to her Complaint, pursuant to Section 16(c) of the Act.  One of the purposes of an award of back wages for violations of the Act is protect the public interest and ensure employers do not gain an unfair advantage by violating the FLSA.  See Donovan v. Brown Service and Equipment Tools, Inc., 666 F.2d 148, 156-57 (5th Cir. 1982) and cases cited therein.

At trial, the Secretary intends to introduce testimonial and documentary evidence showing that Defendants knowingly and willfully paid Chinese and Hispanic employees a monthly salary that was insufficient to meet the FLSA's minimum wage requirement for all hours worked in a workweek.  Testimony will also demonstrate that these same employees routinely worked more than 40 hours in a workweek and that Defendants knowingly and willfully failed to pay overtime compensation for these hours.  The evidence will show that Defendants submitted fabricated records to the Secretary's Wage and Hour Investigator, Ramon Delgado, purporting to show they were complying with the Act, when in fact they wholly failed to make and keep records of the hours worked each workweek by each employee as required by

---

[2] The Secretary's action under Section 16(c) is separate and distinct from collective actions that may be brought by "similarly situated" employees against an employer under Section 16(b).  See 29 U.S.C. § 216(b); Anderson v. Cagle's, 488 F.3d 945, 952 (11th Cir.2007).

the FLSA. The evidence will also show Defendants continued to falsify time records after the Complaint was filed. The Secretary will introduce evidence of back wages due the employees through Investigator Delgado. Mr. Delgado will testify about prior investigations of Defendants, the evidence he gathered during the investigation, and his findings. Mr. Delgado will also explain how he calculated the minimum wage and overtime compensation due each employee, and why Defendants are not entitled to offset their obligation to pay the full minimum wage by any tips earned by tipped employees.

**2.   LEGAL AUTHORITY**

    **I.   To present back wage computations under *Mt. Clemens* in the Eleventh Circuit, the Secretary must show 1) that the employer's records are missing, inaccurate or inadequate; and 2) "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."**

In general, the Secretary, in seeking unpaid minimum wage, overtime compensation and liquidated damages under FLSA bears the initial burden of proving that the workers at issue performed work for which they were not properly compensated. In the seminal case of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), the Supreme Court acknowledged:

> The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s[ection] 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

328 U.S. at 687. However, "the Secretary's initial burden in these cases is minimal." Reich v. Southern New England Telecommunications Corp. 121 F.3d 58, 67 (2d Cir. 1997), quoting Secretary of Labor v. DeSisto, 929 F.2d 789, 793 (1st Cir.1991).

**II.     The Secretary may meet her "minimal" burden by presenting a combination of direct and/or representative testimony, including documentary evidence, employer policies, estimates, and/or expert calculations.  Defendants must then "negate" or rebut the evidence, by either presenting more precise and credible evidence of the amount of work performed or by showing that the Secretary's calculations are unreasonable or unsupported.  If Defendants fail, the Court may award damages, even if the amounts are approximate.**

In Mt. Clemens, the Court further recognized that "[w]hen the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records," but "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises."  328 U.S. at 687.

> In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Id. at 687-88.

In the Eleventh Circuit, "[i]t is firmly established where an employer has not kept adequate records of their employee's wages and hours as required by the FLSA, the employees will not be denied a recovery of back wages on the ground that their uncompensated work cannot be precisely determined."  Brock v. Norman's Country Market, Inc., 835 F.2d 823, 828 (11th Cir.), cert. denied, 487 U.S. 1205 (1988), citing Mt. Clemens, 328 U.S. at 687.  See also Allen v. Board of Public Educ. for Bibb County,  495 F.3d 1306, 1317 (11th Cir. 2007) (noting that "Plaintiffs' burden at trial [in FLSA case] may ultimately be met with evidence other than precise, written documentation," such as calendars, and witness estimates); Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513-514 (11th Cir. 1993), citing Donovan v. New

Floridian Hotel, Inc., 676 F.2d 468, 475 n. 12 (11th Cir.1982); Olson v. Superior Pontiac, 765 F.2d 1570, 1578 (11th Cir.1985); Donovan v. Grantham, 690 F.2d 453, 458 (5th Cir.1982); Donovan v. Hamm's Drive-Inn, 661 F.2d 316, 318 (5th Cir. September 29, 1981).

The Eleventh Circuit first adhered to this standard in 1982 in a case brought by the Secretary against an employer who could not produce records of hours worked as required by the FLSA. The Circuit Court upheld the district court's award of back wages to non-testifying employees, finding the Secretary met her burden under Mt. Clemens. "[I]t is clear that each employee need not testify in order to make out a prima facie case of the number of hours worked as a matter of 'just and reasonable inference.'" Donovan v. The New Floridian Hotel, Inc., 676 F.2d 468, 471-72 (11th Cir. 1982) (the Court also noted that the Mt. Clemens standard had been applied in "many Fifth Circuit cases.").[3]

In Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1376 (11th Cir. 1999),[4] the court explained when the Mt. Clemens burden-shifting was appropriate:

> [T]his circuit has employed the burden-shifting analysis in situations where no records were kept at all or no overtime was recorded. See, e.g., Amcor, Inc. v. Brock, 780 F.2d 897, 900 (11th Cir.1986) (no records kept); Olson v. Superior Pontiac-GMC, Inc., 776 F.2d 265, 267 (11th Cir.1985) (employer's time records did not correspond with pay periods); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 470 (11th Cir.1982) (employer unable to find "many records" and payroll department employee testified to regularly falsifying records); Skipper v. Superior Dairies, Inc., 512 F.2d 409, 411 (5th Cir.1975) (no records kept); Brennan v. General Motors Acceptance Corp., 482 F.2d 825, 828 (5th Cir.1973) (employees kept time records but were not permitted to report overtime worked except in rare situations); Mitchell v. Mitchell Truck Line, Inc., 286 F.2d 721, 724 (5th Cir.1961) (no records kept).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] In Etienne itself, the court refused to shift the burden, since the employer had records which were mostly accurate and had admitted its errors in payment and the amount due. Etienne v. Inter-County Sec. Corp.,173 F..3d at 1376.

6

Etienne, 173 F.3d at 1376. "In many situations when FLSA claims are made against employers, there are inaccurate or inadequate records maintained as to each employee. Under these circumstances, the district court will look to the litigants for assistance." Norman's Country Market, 835 F.2d 823 at 828. In Norman's, the Court of Appeals affirmed the district court's decision to accept the estimated amounts of hours worked and wages due based on the trial testimony of the United States Department of Labor ("DOL") compliance officer, and held that the court was free to reject conflicting testimony presented by the employer.[5] "The district court in determining the award to be compensated certainly has a great deal of discretion in determining the most accurate amount to be awarded. . . . [I]t is for the trial judge to determine from all he has and sees the weight to be accorded the compliance officer's computations . . . ." Norman's, 835 F.2d at 828, quoting Hodgson v. American Concrete Construction Co., Inc., 471 F.2d 1183, 1186 (6th Cir.1973). Similarly, in Hamm's Drive-Inn, the Circuit Court upheld an award based on "admittedly approximate calculations" that certain groups of employees averaged certain numbers of hours per week." Donovan v. Hamm's Drive-Inn, 661 F.2d 316, 318 (5th Cir. September 29, 1981), citing Marshall v. Mammas Fried Chicken, Inc., 590 F.2d 598, 599 (5th Cir. 1979). It explained that "[e]vidence used to calculate wages owed need not be perfectly accurate, since the employee should not be penalized when the inaccuracy is due to a defendant's failure to keep adequate records." Id., 661 F.2d at 318.

The Eleventh Circuit most recently reiterated the application of the Mt. Clemens standard in the Family Dollar case holding,

> In Mt. Clemens, the Supreme Court authorized a burden-shifting scheme designed to facilitate the ability of plaintiffs to prove an FLSA violation where the employer failed to maintain proper records (such as how many hours its employees worked and the amount of pay). To prevent workers from being penalized by the employer's failure to keep

---

[5] The Secretary's Wage and Hour Division now refers to its "compliance officers" as "investigators." Their roles remain the same, despite the change in title.

adequate records, the Supreme Court provided that plaintiffs could meet their burden of proof so long as they "prove[ ] that [they have] in fact performed work for which [they were] improperly compensated" and "produce [ ] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

Family Dollar, 551 F.3d at 1278 (internal citations omitted).

The burden-shifting rule was also applied in McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla.1988), a case in which a roofing company misclassified its employees as independent contractors. The court held that the Secretary had made out her prima facie case under Mt. Clemens by presenting testimony from "a large number of Defendants' employees . . . establishing a *practice* of underpayment and nonpayment" by just and reasonable inference. As the court noted, "Not every employee need testify in order to make out a *prima facie* case." Id. at 450, citing Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 472 (11th Cir.1982); Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1331 (5th Cir.1985). The court also noted that:

> In cases where the employer has not kept records as required by law, the evidence presented by both the employer and employees may be incomplete and approximate. Under these circumstances, a court is entitled to rely upon the testimony and calculations of the compliance officer who investigated the case for the Department of Labor to the extent that it finds such evidence useful and probative. Compliance officers have an extensive familiarity with the facts of a case which can be extremely helpful to a court in determining whether a violation of the FLSA has occurred and the amount of any recovery. Accordingly, " '[I]t is for the trial judge to determine from all [she] has and sees the weight to be accorded the compliance officer's computations....' "

McLaughlin v. Stineco, Inc., 697 F. Supp. 436 at 450, citing  Brock v. Norman's Country Market, Inc., 835 F.2d 823, 828 (11th Cir.1988), cert. denied, 487 U.S. 1205 (1988). As a result, the court adopted the compliance officer's calculations of amounts owed each employee, noting that "[a]ny inaccuracy in these calculations is due to the failure of the Defendants to keep adequate records." Id. at 450-51, citing Marshall v. Mammas Fried Chicken, Inc., 590 F.2d 598, 599 (5th Cir.1979). See also Williams v. R.W. Cannon, Inc., 2008 WL 4097613, at *16 (S.D.

8

Fla. Sept. 4, 2008) (applying Mt. Clemens standard); Walters v. American Coach Lines of Miami, Inc., 2008 WL 2967170, at *24 (S.D. Fla. July 29, 2008) (same).

Other circuits have also awarded back wages under the Mt. Clemens burden-shifting rule for many years in cases similar to this one.  See, e.g. Chao v Self-Pride, Inc., 232 Fed. Appx. 280, 285 (4th Cir. 2007) (Secretary entitled to rely on best evidence available, including partial paper records and extrapolation of "universal average" to substitute for missing time sheets; no live testimony needed to satisfy burden under Mt. Clemens); U.S. Dept. of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 781 (6th Cir.1995) (affirming DOL calculations based on interview statements, employment records, and trial testimony as "reasonable and generous estimate of the back wages due," even though not "precisely accurate"); Fegley v. Higgins, 19 F.3d 1126, 1132 -1133 (6th Cir. 1994) (remanding for entry of damages under Mt. Clemens standard where employee had presented some evidence of unpaid overtime work and employer had conceded that such unpaid work was "possible"); Castillo v. Givens, 704 F.2d 181, 195 (5th Cir.) cert. denied, 464 U.S. 850 (1983).

### III.     Evidence need not be "perfect" in order to establish a "just and reasonable inference."

Evidence need not be "perfect" in order to establish a "just and reasonable inference." "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act. . . . [T]he employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances.  Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages."  Mt. Clemens, 328 U.S. at 688.   After an employee has proved that he or she has performed work and has not been paid for it, "the fact of damage is … therefore certain.

9

The uncertainty lies only in the amount of damages arising from the statutory violation by the employer.  In such a case, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts." Id. (citing Story Parchment Co. v. Paterson Co., 282 U.S. 555, 563 (1931)).  "It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages." Id. (citing cases).

Similarly, testimony from every worker is not required, nor is direct testimony regarding each position.  "Although Mt. Clemens never used the term "representative testimony," subsequent courts have interpreted it to authorize some employees to testify about the number of hours they worked and how much they were paid so that other non-testifying plaintiffs could show the same thing by inference." Family Dollar, 551 F.3d at 1278-79.[6]  "The fact that several employees do not testify does not penalize their claim; 'it is clear that each employee need not testify in order to make out a prima facie case of the number of hours worked as a matter of 'just and reasonable inference'." Norman's, 835 F.2d at 828, quoting Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 472 (11th Cir.1982) (internal citations omitted); Leonard v. Carmichael Properties & Management Co., 614 F. Supp. 1182, 1186 (S.D.Fla.1980) ("A prima facie case can be made through an employee's testimony giving his recollection of hours

---

[6] In discussing "representative testimony," the Family Dollar decision referenced the following decisions:  Reich v. S. Md. Hosp. Inc., 43 F.3d 949, 951 (4th Cir. 1995) ("Under Mt. Clemens, the Secretary can present testimony from representative employees as part of his proof of the prima facie case."); Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113, 1116 (4th Cir. 1985) ("There is no requirement that to establish a Mt. Clemens pattern or practice, testimony must refer to all nontestifying employees.  Such a requirement would thwart the purposes of the sort of representational testimony clearly contemplated by Mt. Clemens"); Secretary of Labor v. DeSisto, 929 F.2d 789, 792 (1st Cir. 1991) (interpreting Mt. Clemens burden-shifting and noting that the plaintiff "can rely on testimony and evidence from representative employees to meet the initial burden of proof requirement"); McLaughlin v. Ho Fat Seto, 850 F.2d 586, 589 (9th Cir. 1988) ("We hold that the Mt. Clemens Pottery standard allows district courts to award back

worked, although the court need not accept every element of the plaintiff's case simply because the employer fails to produce records.  A FLSA case is not to be dismissed nor should recovery be denied because proof of the number of hours worked is inexact or not perfectly accurate.  Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, and the employee has demonstrated that *some* work was performed for which he was improperly compensated, there is a right to recovery, even though the amount may be uncertain and damages difficult to calculate.") (citations omitted).  See also U.S. Dept. of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 781 (6th Cir.1995) (affirming DOL estimates for similarly situated employees who did not testify, based on interview statements, employment records, and trial testimony of "fairly representative employees," calculations need not be "precisely accurate").

Damages for unidentified employees are also appropriate under the Mt. Clemens standard where the Secretary can prove that unidentified employees were not paid and provides sufficient evidence for the court to determine the amounts owed as a matter of just and reasonable inference.  Stineco, 697 F. Supp. 436 at 451, citing American Waste Removal Co. v. Donovan, 748 F.2d 1406, 1410 (10th Cir.1984); Marshall v. Hope Garcia Lancarte, Inc., 632 F.2d 1196, 1197-1199 (5th Cir.1980) (whether Secretary has met Mt. Clemens burden to prove wages owed to unidentified employees is question of fact for the trial court); Marshall v. Presidio Valley Farms, Inc., 512 F. Supp. 1195, 1198 (W.D.Tex.1981) (awarding back pay to unidentified employees, even though figures "cannot be exact," based on compliance officer calculations, employee testimony and employer records).

---

wages under the FLSA to non-testifying employees based upon the fairly representative testimony of other employees.").

Courts have wide discretion when deciding what evidence to credit and how much to award. In <u>Norman's</u>, as previously noted, the trial court relied heavily upon the estimates of the DOL compliance officer, and chose to discredit "a substantial amount of conflicting evidence" presented by the owners. <u>Norman's</u>, 835 F.2d 823 at 828. In another case, <u>McLaughlin v. DialAmerica Marketing, Inc.</u>, 716 F. Supp. 812 (D.N.J. 1989), the court found,

> The sheer commonality of [witness] testimony breathes credibility into the claims of the testifying [witnesses], and permits this Court to feel comfortable drawing inferences therefrom. … Based on this testimony, this Court finds that the work habits of non-testifying witnesses were sufficiently similar to testifying witnesses. Such a finding allows for a determination of the number of hours worked by those not testifying as a matter of 'just and reasonable inference."

<u>Id</u>. at 825-26. The court also relied on the compliance officer's analysis of business records and calculation formula (even though it was "less than precise"), discredited the employer's rebuttal testimony, and commented: "Although production rates may vary among [workers], this discrepancy is an insufficient basis upon which to deny recovery for employees who establish undercompensation pursuant to the FLSA." <u>Id.</u> at 826. <u>See also</u> <u>Donovan v. Hamm's Drive-Inn</u>, 661 F.2d at 318 (affirming award based on "admittedly approximate calculations" and averages).

**IV.** **"Tipped" employees are entitled to receive the full applicable minimum wage when Defendants violate the minimum wage provisions and do not comply with the tip credit provisions of the Act.**

As stated infra, "tipped employees" are also entitled to the applicable minimum wage for all hours worked. When certain conditions are met, an employer may satisfy a portion of the minimum wage through a "tip credit." In this case, Defendants are not entitled to the tip credit because they did not pay tipped employees at least $2.13 for every hour worked and did not inform tipped employees of the tip credit provisions of the Act. <u>See</u> 29 U.S.C. 203(m).

An employer may not use an employee's tips to satisfy more than the permissible amount of the minimum wage. For example, if an employer pays a weekly cash wage of $53.25 for 25

hours ($2.13 x 25), and the tipped employee in fact works 40 hours, the employer is actually paying the employee only $1.33 per hour ($53.25/40). Even if the employee's tips are sufficient to equal the applicable minimum wage per hour, the employer is using the tips to satisfy more of the minimum wage than permitted by the Act. In that case, the employer is not entitled to the tip credit and the employee is "entitled to unpaid wages consisting of the full minimum hourly wage for each hour they worked." Doty v. Elias, 733 F.2d 720, 724 (10th Cir. 1984) (employer must pay full minimum wage when employees worked for tips only, even though tips earned exceeded the applicable minimum wage);. As the Tenth Circuit pointed out, "[to] grant the tip credit to the employer in such circumstances "does violence to the language of § 3(m)" and "contravenes Congress's purpose in enacting § 203(m): to ensure that an employer may not used the tips of a tipped employee to satisfy more than a specified percentage of the Act's minimum hourly wage." Id. at 724. See also Wage Hour Field Operations Handbook Chapter 30d01(b)(1) and (2) (http://www.dol.gov/whd/FOH/index.htm) ("Where an employer does not strictly observe the provisions of Sec[tion] 3(m), no tip credit may be claimed and the employees are entitled to receive the full cash [minimum wage], in addition to any tips they may have received.").

Furthermore, an employer will not be entitled to the credit if it does not inform tipped employees of the tip credit provisions. "[I]f the employer does not follow the command of the statute, he gets no [tip] credit." Richard v. Marriott Corp., 549 F.2d 303, 305 (4th Cir.) cert. denied, 433 U.S. 915 (1977); Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir. 1979); ); see also; Martin v. Tango's Restaurant, 969 F.2d 1319, 1323 (1st Cir. 1992); Reich v. Chez Robert, Inc., 821 F. Supp. 967, 977 (D. N.J. 1993) rev'd on other grounds, 28 F.3d 401, 404 (3d Cir. 1994).

### 3.    CONCLUSION

Pursuant to Mt. Clemens and its progeny, the Secretary has the minimal burden of showing Defendants' records of hours worked are missing, inaccurate or inadequate, and offering "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Once she does, the burden shifts to Defendants to negate the inference or show the precise amount of hours worked.  If Defendants fail to carry their burden, this Court may award back wages, even though the calculation of those damages may be approximate.

Respectfully submitted this 29th day of February 2012.

| | |
|---|---|
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30030<br><br>Telephone:  404.302.5435<br>Facsimile:  404.302.5438<br>Mock.karen@dol.gov<br>Casas.carla@dol.gov<br>Atl.fedcourt@dol.gov<br><br>Attorneys for Hilda L. Solis,<br>Secretary of Labor | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>STANLEY KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel<br><br>By: *s/ Karen E. Mock*<br>KAREN E. MOCK<br>Senior Trial Attorney<br><br>CARLA M. CASAS<br>Trial Attorney |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Plaintiff's Pretrial Brief Addressing Shifting Burden Of Proof For Back Wages Due When Employer Fails To Keep Records Of Hours Worked with the Clerk of Court using the CM/ECF system on February 29, 2012, which will send notification of such filing to the following counsel of record who are CM/ECF participants:

>Frank L. Butler, III
>fbutler@constangy.com
>
>Alyssa Peters Morris
>amorris@constangy.com

>*s/ Karen E. Mock*
>KAREN E. MOCK
>Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Suite 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)
ATL.FEDCOURT@dol.gov
mock.karen@dol.gov

SOL Case No. 10-12052