UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HILDA L. SOLIS, : | |
| Secretary of Labor, : | |
| United States Department of Labor, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 5:10-CV-78 (CAR) |
| : | |
| NEW CHINA BUFFET #8, INC., and : | |
| YUN DA CHEN, an Individual, : | |
| : | |
| Defendants. : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF ADDRESSING SHIFTING BURDEN OF PROOF FOR BACK WAGES DUE WHEN EMPLOYER FAILS TO KEEP RECORDS OF HOURS WORKED**

Defendants agree with the Plaintiff Secretary of Labor that, under certain situations, Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), and its progeny allow a burden-shifting paradigm for FLSA causes of action. However, what the Secretary has failed to show in her brief is how she will meet her burdens, even under this burden-shifting paradigm. (Doc. 62.[1]) Defendants believe that the evidence at trial will show that all employees were paid minimum wage, in addition to being provided room and board and meals. The evidence will show that Defendants maintained some records of hours worked and wages paid through pay records created and maintained by Defendants' accountants and by hand written receipts. In addition to the documentary evidence, Defendants' believe that the evidence will show, through

---

[1] "Doc." represents the Court's document number for the filings in this case.

1

direct testimony, that the majority of employees did not work overtime and were properly compensated.

### THE SECRETARY WILL BE UNABLE TO MEET HER BURDEN

In her recitation of the law, the Secretary points to legal standards without indicating how she will prove them. She focuses on what she calls her "minimal" burden, yet she does not adequately explain how her burden will be met. Under Mt. Clemens,[2] the Secretary must still first prove, with sufficient evidence, that the employees in fact performed work for which they were improperly compensated. 328 U.S. at 687-88; see also Leonard v. Carmichael Props. & Mgmt. Co., 614 F. Supp. 1182, 1186 (S.D. Fla. 1980) ("[T]he court need not accept every element of the plaintiff's case simply because the employer fails to produce records") (citing Marshall v. Hope Garcia Lancarte, 632 F.2d 1196, 1197–98 (5th Cir.1980)). Defendants do not believe that the Secretary will be able to meet her burden. Even if the Secretary can meet her burden, Defendants are given the opportunity to present evidence to negate the reasonableness of the Secretary's inferences and/or present evidence of the precise amount of work performed. Mt. Clemens, 328 U.S. at 687-88. Defendants believe they will be able to negate the Secretary's case by their documentary evidence and direct testimony.

### INVESTIGATOR TESTIMONY WILL BE UNRELIABLE

The Secretary seems to indicate that she will primarily rely on Investigator Ramon Delgado's testimony to prove a majority of her case. (Doc. 62, pp. 3-4.) Defendants believe that the majority of Delgado's proffered testimony regarding employee interviews will be

---

[2] While Defendants have retained some of the wage and hour records through their accountant and hand-written receipts, Defendants do not have entirely complete records for all employees and therefore do not challenge the Secretary's assertion that Mt. Clemens should apply. Defendants do challenge the Secretary's assertion that they "wholly failed to make and keep records," (Doc. 62, p. 3), and that they "continued to falsify time records after the Complaint was filed," (Doc. 62, p.4); and they challenge the Secretary's previous assertions that they "destroyed" records.

inadmissible hearsay. Fed. R. Evid. 801 et seq. Defendants further believe they will be able to show that Delgado's investigation and calculations were suspect. Specifically, Defendants believe they will be able to show that Delgado disregarded over 50% of the underlying employee statements and that his calculations are speculative at best. While the Court can rely on an investigator's calculations if it finds the calculations useful and probative, Defendants do not believe that the Court will find Delgado's calculations persuasive.

In Brock v. Norman's Country Market, Inc., 835 F.2d 823 (11th Cir. 1988), the court was presented with conflicting testimony; but, because the testimony of employee witnesses supported the calculations of the compliance officer and because the trial court's credibility determinations were not unreasonable, the appellate court found that the trial court was free to utilize the investigator's calculations. Id. at 828. In McLaughlin v. Stineco, Inc., 697 F. Supp. 436 (M.D. Fla. 1988), the court utilized the investigator's calculations because "a large number" of employees testified, supporting the calculations; and the court found the calculations to be "accurate and conservative." Id. at 450. Here, the Secretary will not have a large number of employees testifying to support Delgado's calculations. Furthermore, in addition to the inherent hearsay problems Defendants expect at trial, Defendants believe the evidence will show that Delgado's calculations are extreme, are contrary to over 50% of the employee interviews that were taken, and are unreliable.

The court in Marshall v. Hope Garcia Lancarte, 632 F.2d 1196 (5th Cir. 1980), faced a similar situation. In that case, the trial court had rejected the compliance officer's conclusions after examining both the Secretary's and the employer's evidence under the Mt. Clemens paradigm. The Court of Appeals stated that, although the employer "did not present evidence of the precise amount of work performed by her employees," she "did present evidence that would

3

negate the reasonableness of the findings of the compliance officer." Id. at 1198.  The trial court had found that the compliance officer's conclusions were "extreme" in that he claimed that the identified employees worked an average of 79 hours per week and that the employer was not entitled to a meal credit.  Id.  These findings were upheld by the Court of Appeals, stating that "[i]t is the trial court's duty, and not that of the compliance officer, to make an award of backpay" and that "[t]he district court weighed the evidence; its findings of fact are not clearly erroneous."  Id.  The compliance officer's calculations in Hope Garcia Lancarte were very similar to the case we have here.  Defendants believe that the evidence will show that Delgado's calculations should similarly be disregarded.

## REPRESENTATIVE TESTIMONY IS INADEQUATE

In addition to Investigator Delgado's testimony, Defendants assume the additional "testimony" that the Secretary vaguely mentions will come from a fairly small number of former employees for whom the Secretary seeks recovery of back wages and that the Secretary disclosed in the pretrial order.  (Doc. 63.)  The Secretary does not intend to call all 46 of the former employees for whom she is seeking back wages.[3]  While not *all* employees need to testify to receive an award, the employees who do testify must be *representative* of the ones who do not.  The Secretary's witnesses in this case will not be fairly representative of the majority of former employees.  Without the fairly representative testimony, she will not be able to establish her burden by just and reasonable inference.

---

[3] Subsequent to the Pretrial Conference, counsel for the Secretary advised Defendants' counsel that the Secretary is no longer pursuing claims on behalf of former employee Delfino Garcia, thus reducing the number of employees for whom the Secretary is seeking back wages, as identified in Appendix "A" to the complaint.

On her witness list, the Secretary has listed several kitchen workers and several hostesses.[4] (Doc. 63, pp. 12-17.) Noticeably absent from her witness list are any employees who comprised the wait staff at the restaurant. The wait staff makes up over 45% of the individuals for whom the Secretary is seeking back wages.[5] The Secretary attempts to make up for these inadequacies by claiming that direct testimony regarding each position is not required. Defendants find this argument unsupportable. "Usually, an employee can only represent other employees only if all perform substantially similar work." Secretary of Labor v. DeSisto, 929 F.2d 789, 793 (1st Cir. 1991) (citing McLaughlin v. Ho Fat Seto, 850 F.2d 586 (9th Cir. 1988); Dole v. Snell, 875 F.2d 802 (10th Cir. 1989); McLaughlin v. DialAmerica Mktg., Inc., 716 F. Supp. 812 (D.N.J. 1989). Further, "[w]here the employees fall into several job categories, it seems to us that, at a minimum, the testimony of a representative employee from, or a person with first-hand knowledge of, each of the categories is essential to support a back pay award." DeSisto, id. at 793 (citing Donovan v. Simmons Petroleum Corp., 725 F.2d 83 (10th Cir. 1983); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468 (11th Cir. 1982); Dole v. Solid Waste Services, Inc., 733 F. Supp. 895 (E.D. Pa. 1989), aff'd 897 F.2d 521 (3d Cir. 1990)). See also Reich v. Southern Md. Hosp., Inc., 43 F.3d 949, 952 (4th Cir. 1995) ("fairly representational" requirement not met, with court noting, inter alia, that "there were several departments for which no employee testimony was produced by the Secretary"); Albanil v. Coast 2 Coast, Inc., 444 F. App'x 788, 806 (5th Cir. 2011) (requiring testifying witnesses to have personal knowledge of work performed by those not testifying).

---

[4] The Secretary is not seeking back wages for the hostesses.

[5] In addition, Defendants submit that, of the individuals who worked in the kitchen, the expected witnesses for the Secretary will be representative of only about half of them.

5

Where the Eleventh Circuit has allowed representative testimony to be sufficient for non-testifying witnesses, the testifying witnesses have been deemed sufficient in number and direct knowledge.  See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 (11th Cir. 2008) (allowing representative testimony for a group of non-testifying employees where there were 39 testifying witnesses, 12 witnesses whose testimony was presented by depositions, with another 238 depositions offered, in addition to defendant's own records) [6]; Donovan v. New Floridian Hotel, Inc., 676 F.2d at 472-73 (allowing representative testimony where 23 employees testified, representing various groups of employees, in addition to management and office staff) [7]; Brennan v. General Motors Acceptance Corp., 482 F.2d 825 (5th Cir. 1973) (finding representative testimony sufficient for a class of employees where 15 out of 26 testified); McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla., 1988) (finding representative testimony sufficient where "a large number of Defendants' employees actually testified, establishing a *practice* of underpayment and nonpayment") (emphasis in the original).  It logically follows that where, as in the instant case, a small number of employees who work in a different location of a restaurant, who perform vastly different tasks, who barely interact with one another,[8] and who have language barriers cannot provide "representative" testimony regarding another group of employees.

---

[6] It is important to note the Family Dollar was not analyzed under the Mt. Clemens paradigm.  However, the Court discussed representative testimony and allowed representative testimony of store managers to defeat Defendant's claim of an exemption.  551 F.3d at 1278-1279.

[7] It should be noted that in New Floridian Hotel, the trial court, following a motion for reconsideration, denied back wages to 56 employees because the record was insufficient to support a finding of a pattern of working hours as to those employees.  725 F.2d at 472.  The court also reduced awards of back pay to two individuals and refused to award back pay for a period of time that predated the periods to which the evidence of a pattern of employment related.  Id.

[8] The testimony of the witnesses who have been deposed is consistent that persons who worked in the "front" of the restaurant (e.g., wait staff, hostesses, cashier) did not know what went on regarding employees in the "back" (kitchen) and that the persons who worked in the back (e.g., cooks, food prep assistants, dishwashers) did not know what went on regarding employees in the front.

### DEFENDANTS' ENTITLEMENT TO TIP CREDIT

The Secretary also claims that Defendants are not entitled to the tip credit because they did not meet the minimum requirements set forth in 29 U.S.C. §203(m).  (Doc. 62, p. 12.)  However, the Secretary does not provide any support for that assertion, nor does she propose how that will be proven at trial.  On the contrary, Defendants believe the evidence will show that the tipped employees received at least the minimum $2.13 per hour worked in addition to their tips and that the tipped employees were told at the beginning of their employment that they would receive tips in addition to the base rate.  Defendants believe that this evidence will be shown through direct testimony of Defendant Yun Da Chen, his wife Xiu Qing Chen, and at least one former tipped employee, in addition to documentary evidence.

### CONCLUSION

Defendants believe that the Secretary will not be able to meet her burden at trial.  Defendants expect their evidence to show, through direct testimony and wage and hour records, that the Secretary's inferences are unreasonable and extreme.

This 14th day of March, 2012.

                              CONSTANGY, BROOKS & SMITH, LLP

              By:   /s/ Alyssa Peters Morris
                    FRANK L. BUTLER, III
                    Georgia Bar No. 099550
                    ALYSSA PETERS MORRIS
                    Georgia Bar No. 455211
                    Attorneys for Defendants

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF ADDRESSING SHIFTING BURDEN OF PROOF FOR BACK WAGES DUE WHEN EMPLOYER FAILS TO KEEP RECORDS OF HOURS WORKED with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Karen E. Mock
    Senior Trial Attorney
    Office of the Solicitor
    U.S. Department of Labor
    61 Forsyth Street, S.W.
    Room 7T10
    Atlanta, GA 30303

I have also served a copy via email to Plaintiff's attorney at mock.karen@dol.gov.

Dated this 14th day of March, 2012.

                      CONSTANGY, BROOKS & SMITH, LLP


                By:    /s/ Alyssa Peters Morris
                        ALYSSA PETERS MORRIS
                        Georgia Bar No. 455211


577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
(478) 750-8686 (fax)