IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HILDA L. SOLIS, : | |
| Secretary of Labor, : | |
| United States Department of Labor : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:10-CV-78 (CAR) |
| NEW CHINA BUFFET #8, Inc.; YUN : | |
| DA CHEN, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER ON MOTION TO AMEND**

Before the Court is the Secretary of Labor's Motion to Amend Complaint [Doc. 69]. The Secretary requests permission to add Xiu Qing Chen as a defendant to the instant action. The above Defendants as well as Xiu Qing Chen do not oppose this amendment.

When, as in this case, the time for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, because the Secretary's Motion was filed on April 13, 2012, outside the November 22, 2010, deadline established by the Scheduling Order, the Secretary must first establish good cause for her failure to comply with the Scheduling Order.

Fed. R. Civ. P. 16(b) (a "schedule may be modified only for good cause and with the judge's consent"); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) ("[B]ecause [plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment was proper under Rule 15(a).").

In deciding whether the leave to amend should be granted, federal courts follow the general standard originally enunciated by the Supreme Court in Foman v. Davis, 371 U.S. 178 (1962):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given.

Id. at 182 (internal quotation marks omitted).

Here, the Court finds that the Secretary may amend her Complaint as there is no indication of undue delay, bad faith, or dilatory motive. Although the Scheduling and Discovery Order mandated all amendments be filed no later than November 22, 2010, the proposed amendment was a key term of the settlement of the instant case. Accordingly, the Secretary's unopposed Motion to Amend Complaint [Doc. 69] is hereby **GRANTED.**

**SO ORDERED,** this 20th day of April, 2012.

                                                                  S/ C. Ashley Royal
                                                                  C. ASHLEY ROYAL
                                                                  UNITED STATES DISTRICT JUDGE

LMH