IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, <br> Secretary of Labor, <br> United States Department of Labor, <br> <br> Plaintiff, <br> <br> v. <br> <br> NEW CHINA BUFFET #8, INC.; <br> YUN DA CHEN, an Individual; and <br> XIU QING CHEN, an Individual; <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> <br> 5:10-CV-78 (CAR) <br> <br> <br> <br> <br> <br> <br> <br> <br> **JUDGMENT** |

This cause came on for consideration upon Plaintiff's motion and Defendants New China Buffet #8, Inc.; Yun Da Chen, an individual; and Xiu Qing Chen, an individual ("Defendants") consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

    1.    They shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in

commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said Section 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3. They shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall recover from Defendants back wages in the total amount of $111,594.00 plus liquidated damages in the amount of $111,594.00, and interest in the amount of $1,812.00 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto.

To comply with this provision of this Judgment Defendants shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in installments, as follows: $50,000.00 on or before May 29, 2012, $7,300.00 for 23 months starting July 1, 2012, and a final payment of $7,100 on or before June 1, 2014.

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. With respect to the employees for whom back wages are being paid pursuant to this Judgment, Defendants shall remain responsible for compliance with all laws not within the scope of this Fair Labor Standards Act case. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. It is

FURTHER ORDERED that the court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Judgment. It is

FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED this 27 day of April 2012.

_____
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

| Plaintiff moves entry of<br>of the foregoing Judgment: | Defendants consent to entry of<br>the foregoing Judgment: |
|---|---|
| M. PATRICIA SMITH<br>Solicitor of Labor | By: *s/ Frank L. Butler, III*<br>FRANK L. BUTLER, III<br>    Georgia Bar No. 099550 |
| STANLEY KEEN<br>Regional Solicitor | ALYSSA PETERS MORRIS<br>    Georgia Bar No. 455211 |
| ROBERT L. WALTER<br>Counsel | Constangy Brooks & Smith, LLP<br>P.O. Box 1975<br>Macon, Georgia 31202-1975<br>(478) 750-8600 |
| By: *s/ Karen E. Mock*<br>KAREN E. MOCK<br>Senior Trial Attorney | |
| CARLA M. CASAS<br>Trial Attorney | Attorneys for New China Buffet #8,<br>Inc.; Yun Da Chen; and Xiu Qing Chen |
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street SW<br>Room 7T10<br>Atlanta, Georgia 30303<br>(404) 302-5435 | |
| Attorneys for Hilda L. Solis,<br>Secretary of Labor | |